S06A1571. WARBINGTON v. THE STATE.

(640 SE2d 11)

MELTON, Justice.

Following a jury trial, Jordan Lee Warbington III appeals his convictions for murder, felony murder, and aggravated assault, arguing that the evidence was insufficient to support the verdict and that he received ineffective assistance of trial counsel.[1] We affirm.

In the light most favorable to the verdict, the record shows that, on the night of May 14, 2003, Kenneth "Tate" Cain visited Warbington at the Warbington Mortuary in Lawrenceville. Warbington had been living in a back room of the mortuary, which was owned and operated by his family. That night, Cain was bludgeoned to death in the mortuary's break room. After Cain's murder, Warbington admittedly put Cain's body in a body bag, covered the body with embalming powder to slow decomposition, dragged the body bag into the back room, and concealed it under his bed. Warbington then left the concealed body and went to Florida for a vacation. On May 17, 2003, Cain's body was found under the bed by Warbington's uncle and father, who then contacted police. Concerned about the possible discovery of Cain's body, Warbington, who was still in Florida, called his father to check on things. Warbington's father told him that Cain's body had been found, and Warbington responded that he had hit Cain in self-defense. Warbington turned himself in to police, and shortly thereafter told police officers that he knew he was going to prison for a long time.

1. This evidence was sufficient to enable the jury to conclude that Warbington was guilty of the crimes for which he was convicted

---

[1] On July 23, 2003, Warbington was indicted in Gwinnett County for murder, one count of felony murder with armed robbery as the underlying felony, one count of felony murder with aggravated assault as the underlying felony, one count of armed robbery, and one count of aggravated assault. Following a jury trial conducted on June 20-24, 2005, Warbington was found guilty of murder, felony murder with aggravated assault as the underlying felony, and aggravated assault. The conviction for aggravated assault was merged with the felony murder charge for purposes of sentencing, but the conviction for felony murder was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). On June 24, 2006, Warbington was sentenced to life imprisonment for murder. Warbington filed a motion for a new trial on July 15, 2005, and amended motions on August 17, 2005 and May 4, 2006. The motion was denied on May 9, 2006, and Warbington filed a notice of appeal on May 10, 2006. His timely appeal was docketed in this Court on May 23, 2006 and submitted for decision on the briefs.

beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Warbington argues nonetheless that the facts fail to exclude every other reasonable hypothesis for the commission of the crime other than his guilt. Warbington contends that the jury should have accepted his testimony that a third party visited the mortuary on the night in question and killed Cain in Warbington's absence. However, the jury is the arbiter of a witness' credibility, and the jury also decides the reasonableness of hypotheses such as that presented by Warbington. *Harris v. State*, 236 Ga. 242 (1) (223 SE2d 643) (1976). Where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every other reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict is insupportable as a matter of law. *Robbins v. State*, 269 Ga. 500 (1) (499 SE2d 323) (1998). The evidence authorized the jury's finding in this case.

2. Warbington contends that he received ineffective assistance of counsel because his attorney (a) failed to object to the State's introduction of irrelevant evidence, (b) failed to object to improper and prejudicial statements made by the State during its closing arguments, and (c) prejudiced him by placing his character into issue. In order to prevail on his claim of ineffective assistance of counsel, Warbington must show that his trial counsel's performance was deficient and that but for that deficient performance, there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

(a) Warbington contends that his trial counsel rendered ineffective assistance by failing to object on relevancy grounds to the introduction into evidence of ceremonial swords that the police recovered from the mortuary. The medical examiner testified that these swords possibly could have been used to inflict the wounds on Cain's body. As such, the swords were not wholly irrelevant as Warbington now contends. Moreover, during the hearing on the motion for a new trial, Warbington's trial attorney stated that he did not object to the State's introduction of the swords because his strategy was to agree that Cain was murdered at the mortuary, but that it was a third person who committed the crime, not Warbington. Strategic decisions made by Warbington's trial counsel do not equate to ineffective assistance simply because Warbington and his present counsel now disagree with that strategy. *DeYoung v. State*, 268 Ga. 780 (5) (493 SE2d 157) (1997).

(b) Warbington claims that his trial attorney was deficient because he failed to object during closing argument when the State told the jurors that they were on the front line of this tragedy and that they "hear these horrific things night in and night out, people killed,

people murdered." Warbington, however, has neither provided argument nor cited authority indicating that this argument was improper, thereby abandoning this contention under Rule 22 of this Court. Moreover, even if preserved, the contention would lack merit. Warbington's trial attorney strategically chose not to object to the statements in issue because he did not want to emphasize them and he did not believe they were influencing the jury. Warbington's attorney's strategic decision does not amount to ineffective assistance of counsel. See, e.g., *Moss v. State*, 278 Ga. App. 362 (2) (b) (629 SE2d 5) (2006).

(c) At trial, Warbington's attorney introduced the fact that Warbington was on probation at the time of the murder. Trial counsel chose to do so in order to offer an explanation to the jury of why Warbington was afraid to report Cain's death to the police. Warbington's attorney stated during the hearing on the motion for a new trial that each of these decisions was made as a part of trial strategy. Even though a different attorney might have chosen a different trial strategy, this does not equate to ineffective assistance of counsel. *Van Alstine v. State*, 263 Ga. 1 (426 SE2d 360) (1993). There is a strong presumption that an attorney's conduct falls within the range of reasonable professional assistance, and Warbington has failed to rebut this presumption. *Rucker v. State*, 271 Ga. 426 (520 SE2d 693) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2007.

*Scott A. Drake*, for appellant.
*Daniel J. Porter, District Attorney, Tracie J. Hobbs, Assistant District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.