**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 27, 2015**

# In the Court of Appeals of Georgia

A14A2082. LOGAN-GOODLAW v. THE STATE.

BARNES, Presiding Judge.

Following a jury trial, Sewlyn Logan-Goodlaw was convicted of armed robbery and sentenced to 20 years, with 15 to be served in confinement. Following the grant of an out-of-time appeal, he now appeals from the denial of his motion for new trial. On appeal, Logan-Goodlaw contends that the evidence was insufficient to sustain his conviction and that the trial court erred in admitting evidence of an independent crime. Following our review, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the appellant is no longer entitled to the presumption of innocence. *Newsome v. State*, 324 Ga. App. 665, 665 (751 SE2d 474) (2013). We neither weigh the evidence nor assess the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the appellant guilty

of the crimes charged beyond a reasonable doubt. *Byrd v. State*, 325 Ga. App. 24, 24 (752 SE2d 84) (2013).

So viewed, the evidence demonstrates that through his contact with a friend, the victim arranged to purchase a Monte Carlo from Logan-Goodlaw for $4000. The men arranged to meet, and the victim drove to Lawrenceville, checked into a hotel, and waited for Logan-Goodlaw to contact him. The men talked multiple times during the day, and finally arranged to meet at midnight at the home of the victim's friend who had initially told him about the car. The victim took a taxi to the home where Logan-Goodlaw and the victim's friend were waiting. Logan-Goodlaw showed the victim several documents, including proof of insurance and the car's title, but the victim told Logan-Goodlaw that he would not show him the money until he "crunk the car up." The car was not at that location, so the victim got into Logan-Goodlaw's SUV, purportedly to meet Logan-Goodlaw's aunt, who had the car. The victim testified that when they got into the SUV, he noticed two cars "zoom[] . . . past us," and that as they drove through the neighborhood, Logan-Goodlaw was on his cell phone "talking to his people, like where are you? Where's the car? I don't see you. On my way." Logan-Goodlaw pulled into a driveway, and told whomever was on the phone that "we're right here, I should see you when you when you coming around."

2

As the men sat there, Logan-Goodlaw unlocked the car doors and when he did, "eight or nine" masked people dressed in black with handguns and shotguns grabbed the victim, pulled him out the car, beat him, and then robbed him of the $4000 cash he had with him to purchase the car, another $300 in cash he had with him, his cell phone, and his flip-flops. As one man held a gun to the victim's head, Logan-Goodlaw told him not to shoot the victim. The victim recognized the voice of one of the masked men as someone he knew who lived in that Lawrenceville neighborhood. After the robbery, the men got into Logan-Goodlaw's SUV and another car and sped away. The victim went to his mother's house, which was in the same neighborhood, but when no one answered the door, walked about a mile to the hotel where he was staying. He reported the robbery to police the next morning. Logan-Goodlaw was questioned by police, and initially denied knowing anything about the armed robbery, but later admitted that he was present during the robbery but denied participating in robbing the victim.

1. Although Logan-Goodlaw contends that the evidence established only that he was present at the scene of the armed robbery, and thus was insufficient to sustain his conviction, when determining whether the totality of the evidence was sufficient to support a conviction,

the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crimes charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all the evidence* is to be considered in the light most favorable to the prosecution.

(Citation and punctuation omitted; emphasis in original.) *Armstrong v. State*, 325 Ga. App. 33, 35-36 (1) (752 SE2d 120) (2013). The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-14-8.[1] Armed robbery occurs "when, with intent to commit theft, [a person] takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). *See Frazier v. State*, 305 Ga. App. 274, 275 (1) (699 SE2d 747) (2010) (finding that "the victim's testimony alone [was] sufficient to authorize the jury's verdict of guilty beyond a reasonable doubt"). Notwithstanding Logan-Goodlaw's contention

---

[1] Because this case was tried after January 1, 2013, Georgia's new Evidence Code applies here. See Ga. L. 2011, p. 99, § 101.

otherwise, it was for the jury in this case to gauge the credibility of the testimony and evidence regarding his intent. *Powell v. State*, 291 Ga. 743, 745 (1) (733 SE2d 294) (2012). "[A]rguments that go to the weight and credibility that the jury wished to assign to the State's otherwise sufficient evidence present no basis for reversal." (Citation, punctuation, and footnote omitted.) *Crawford v. State*, 301 Ga App. 633, 636 (1) (688 SE2d 409) (2009). We find the evidence set forth above sufficient to find Logan-Goodlaw guilty of armed robbery.

2. Logan-Goodlaw also contends that the trial court erred in admitting a prior armed robbery under OCGA § 24-4-404 (b). He asserts that the evidence did not satisfy two prongs of the three-prong test employed by *United States v. Edouard,* 485 F3d 1324, 1345 (II) (C) (1) (11th Cir. 2007) and utilized by our Court for the admission of similar transaction evidence. We do not agree.

We review a trial court's decision to admit similar-transaction evidence for a "clear abuse of discretion."(Punctuation and footnote omitted.) *Jones v. State*, 326 Ga. App. 658, 661 (757 SE2d 261) (2014). Utilizing that standard, the evidence demonstrates that at the pre-trial hearing on the State's motion to admit a 2008 armed robbery conviction, the State proffered evidence that Logan-Goodlaw and an accomplice had approached the two victims as they were leaving their residence and

getting into a car, and at gunpoint ordered the victims to strip. The female victim, who had an infant in the car, refused, the male victim ran, and Logan-Goodlaw and his accomplice chased the male. While both men chased the male victim, the female victim ran back into the residence, and the male victim later showed up at the residence in just his underwear. Both victims were robbed of money, cellphones and keys. Logan-Goodlaw pled guilty to the armed robbery.

Employing the Eleventh Circuit Court of Appeals' three-prong test our Courts have adopted to determine admissibility under OCGA § 24-4-404 (b) of the new Georgia Evidence Code, the trial court admitted the prior conviction as relevant to show intent and knowledge, which are permissible purposes under OCGA § 24-4-404 (b). The trial court also found that the evidence was sufficient to demonstrate that Logan-Goodlaw committed the similar transaction, and that the probative value in admitting the evidence was not substantially outweighed by any prejudice to Logan-Goodlaw, the second and third prongs of the admissibility test. On appeal, Logan-Goodlaw contends that the trial court erred in finding the evidence was relevant to demonstrate intent and knowledge and in finding that the probative value in admitting the similar transaction substantially outweighed any prejudice to him.

OCGA § 24-4-404 (b) provides that:

Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Further, under OCGA § 24-4-403, even "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Our Court, "like the Eleventh Circuit—employs a three-part test for evidence of other crimes or acts to be admissible" pursuant to OCGA § 24-4-403 and 404. (Punctuation and footnote omitted.) *Curry v. State*, ___ Ga. App. ___ (1) (Case No. A14A2111, decided February 5, 2015).

[F]or evidence of other crimes or acts to be admissible pursuant to [OCGA § 24-4-404 (b)]: (1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the acts in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice.

*Jones v. State*, 326 Ga. App. 658, 66 (1) (757 SE2d 261) (2014), citing *Edouard*, 485 F3d at 1344 (II) (C) (1).

Regarding the first prong, although Logan-Goodlaw argues that the trial court erred in finding that the 2008 armed robbery was admissible to prove his intent, "a defendant who enters a not-guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by . . . 404 (b) evidence absent affirmative steps by the defendant to remove intent as an issue."(Punctuation and footnote omitted.) *Curry*____Ga. App. at ____ (1). Here, Logan-Goodlaw's defense theory, that he was present during the underlying armed robbery, but had not participated in robbing the victim "squarely challenges the element of intent. And under these circumstances, the trial court did not err in finding that the first prong of the similar-transaction test was satisfied because the evidence at issue was admissible for a purpose other than [Logan-Goodlaws's] character." Id.[2]

Logan-Goodlaw concedes that the second prong of the similar-transaction test was satisfied, in that there was sufficient proof to enable a jury to find by a preponderance of the evidence that he committed the 2008 armed robbery.

---

[2] Because the similar-transaction evidence was admissible for the permissible purpose of showing intent, we need not address the trial court's findings that it was also admissible to show knowledge. *Curry*, ___Ga. App. at____ (1), n. 11.

As to balancing the probative value and undue prejudice of the admission of the similar transaction in the third prong of the test, "[t]his determination lies within the discretion of the [trial] court and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." (Citation and punctuation omitted.) *Bradshaw v. State*, ___Ga.___ (3) (Case No. S14A1365, decided March 2, 2015). Here, the trial court found that the 2008 armed robbery was factually similar to the current armed robbery and, although the current crime had occurred two years before the similar transaction, it was only six months after Logan-Goodlaw was released from incarceration. The trial court further determined that the probative value outweighed any undue prejudice because intent was contested, in that Logan-Goodlaw had admitted to being present but denied participating in the armed robbery. Given these circumstances, we cannot say that the trial court abused its discretion in balancing these factors and finding that the probative value of the similar transaction evidence was as not substantially outweighed by its prejudicial effect. Id.

*Judgment affirmed. Branch, J., concurs. Boggs, J. concurs in the judgment.*

9