In the Supreme Court of Georgia

Decided:    July 05, 2016

S16A0314.  JONES v. THE STATE.

THOMPSON, Chief Justice.

Appellant Quinton Jones was found guilty of malice murder, felony

murder, aggravated assault with a deadly weapon, criminal attempt to commit

armed robbery, possession of a firearm by a convicted felon, and possession of

a firearm during commission of a felony in connection with the shooting death

of Lamaurice Westbrook.[1]  Appellant appeals, challenging the sufficiency of the

---

[1] The crimes occurred on June 13, 2011.  Appellant was indicted by a Fulton County grand jury on July 13, 2012, on charges of malice murder, felony murder (4 counts), aggravated assault with a deadly weapon, conspiracy to commit a crime, criminal attempt to commit armed robbery, possession of a firearm by a convicted felon, and possession of a firearm during commission of a felony.  Subsequently, the conspiracy to commit a crime count and the corresponding felony murder count were dead docketed.  Following a jury trial from March 25-28, 2013, appellant was found guilty on the remaining eight counts.  Upon receipt of the jury's verdict, the trial court sentenced appellant to life without the possibility of parole on the malice murder count and an additional five years consecutive for possession of a firearm during the commission of a felony.  As further discussed in Division 2, infra, the trial court determined that each of the three remaining felony counts merged into the remaining felony murder counts, which then merged into the malice murder count for sentencing purposes. Appellant filed a motion for new trial on April 2, 2013, which he amended on May 19, 2014.  The trial court heard argument on appellant's motion on August 6, 2014 and denied it by order entered August 11, 2014.  Appellant filed a notice of appeal on August 19, 2014 and the appeal was docketed in this Court for the January 2016 term and submitted for a decision on the briefs.

evidence and asserting that the State failed to prove venue, the trial court erred in admitting similar transaction evidence, and his trial counsel was ineffective. Finding no error, we affirm appellant's conviction for malice murder and possession of a firearm during the commission of a felony. Due to a sentencing error, however, we vacate a portion of the sentencing order and remand this case to the trial court for resentencing.

1. Viewed in the light most favorable to the jury's verdict, the evidence at trial showed that on June 13, 2011, the victim and his girlfriend picked up Tony Goolsby and some marijuana and went to a Shell gas station on Lakewood Avenue in Atlanta, Georgia, to meet with a buyer as part of a pre-arranged drug deal. Both the victim's girlfriend and Goolsby testified that the victim was not carrying a gun. While they waited for the buyer to appear, Goolsby, who had the marijuana stashed in his pants, got nervous and left, walking from the Shell station to a Marathon gas station five blocks away. Thereafter, an unidentified man driving a silver Pontiac pulled into the Shell station's parking lot. Appellant, who was a passenger in the Pontiac, exited the vehicle and approached the victim. Following a discussion, the victim got in the front passenger seat of the Pontiac with appellant taking the back seat directly behind

2

him. The group in the Pontiac then traveled to the Marathon gas station to pick up Goolsby, who got in the back seat behind the driver.

According to Goolsby, when he got in the back seat of the car next to appellant, he recognized appellant as someone he previously had been locked up with in the Fulton County jail.[2] Goolsby testified that after picking him up, the men left the Marathon gas station in the Pontiac and rode around the block. When the victim told Goolsby he had received payment for the drugs, Goolsby retrieved the marijuana from inside his pants and gave it to appellant. Thereafter, as the car circled past a post office near the intersection of Lakewood Avenue and Jonesboro Road, appellant pulled out a handgun, pointed it at Goolsby and stated: "You know what it is, get out." Goolsby immediately exited the car and, after taking two steps, heard gunshots. Looking back, he saw the victim's body slump over the front seat. The victim, who was shot several times, died as the result of a close-range gunshot wound to the head.

A second witness also testified to hearing the shots, and stated that immediately thereafter she noticed a silver car pull into the parking lot of a mini

---

[2] The victim's girlfriend also testified that when appellant first approached her car at the Shell station to talk to the victim, she recognized him as a person from her old neighborhood named "Quinton."

mart store and saw the victim's body thrown from the passenger's side of the vehicle before the car drove away. The police, who arrived quickly at the scene, found no guns, drugs or money on or near the victim's body. One of the responding officers testified that the mini mart store where the victim's body was found was located on Lakewood Avenue in Fulton County.

Appellant, who testified at trial on his own behalf, denied knowing the victim or Goolsby, claimed he was the one selling the drugs, and asserted it was the victim who pulled a gun on the driver of the Pontiac and that the gun went off during a struggle between the victim and the driver.

(a) Appellant argues that the evidence presented was insufficient to support his conviction under the federal due process standard. See Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). We disagree.

It is a function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. See id. at 319. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." Williams v. State, 287 Ga. 199, 200 (695 SE2d 246) (2010) (quoting Miller v. State, 273 Ga. 831, 832 (546 SE2d

4

524) (2001)). Here, when construed most strongly in support of the verdict, the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. See Jackson v. Virginia, 443 U. S. at 319.

(b) Appellant nonetheless characterizes the State's evidence against him as circumstantial and insufficient to support his convictions for the crimes charged under Georgia law because it fails to exclude every other reasonable hypothesis save that of his guilt. See OCGA § 24-14-6.[3] The record, however, reveals that at appellant's trial the State presented a mixture of direct and circumstantial evidence against him with respect to the various counts on which he was convicted. Among the direct evidence is Goolsby's testimony that he was in the car with appellant, the victim and the driver; that he gave the marijuana to appellant in exchange for money provided to the victim; that appellant pointed a gun at him; that he exited the car at appellant's command; that as he exited the car, he saw the victim turn around and face appellant; and

---

[3] OCGA § 24-14-6 provides:

To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.

that after hearing three to five shots as he ran away, he looked back toward the car and saw the victim fall limp over the back of the front seat. See Harper v. State, 298 Ga. 158, 161 (780 SE2d 308) (2015); Evans v. State, 288 Ga. 571, 575-576 (707 SE2d 353) (2011).

Even assuming, arguendo, that the evidence against appellant with respect to the murder charges was entirely circumstantial because no witness testified to actually seeing him shoot the victim, we conclude that the circumstantial evidence presented was sufficient for the jury to reject as unreasonable any other theory save that of appellant's guilt with respect to these charges. See Clark v. State, 296 Ga. 543, 546 (769 SE2d 376) (2015). The jury was not required to believe appellant's testimony that the victim was the one who pulled a gun on the driver of the Pontiac or that the gun went off during a struggle between the victim and the driver. See Warbington v. State, 281 Ga. 464, 465 (640 SE2d 11) (2007) ("[T]he jury is the arbiter of a witness' credibility."). Nor was the jury obligated to accept as reasonable appellant's hypothesis that any of the individuals in the Pontiac at the time of the shooting could have fired the fatal shot, including the victim himself. Id. (explaining that the jury "decides the reasonableness of hypotheses"). Accord Clark, 296 Ga. at 546. This is

especially true in light of evidence introduced at trial which showed the victim sustained no fewer than three gunshot wounds and died from a close-range gunshot wound to the head.

The jury in this case was properly instructed on direct and circumstantial evidence, as well as on the requirements of OCGA § 24-14-6. Given the evidence presented, the jury was authorized to exclude every reasonable explanation save that of appellant's guilt, and its findings will not be disturbed by this Court. See Clark, 296 Ga. at 546. See also Merritt v. State, 285 Ga. 778, 779 (683 SE2d 855) (2009) ("[The circumstantial evidence] need not exclude every *conceivable* inference or hypothesis – only those that are reasonable.").

2. Although not raised by the State on appeal, we find that the trial court erred in merging appellant's convictions on certain counts of the indictment for judgment and sentencing. See Brannon v. State, 298 Ga. 601, 603 (2) (783 SE2d 642) (2016) (holding that in a direct appeal, this Court may resolve sentencing errors based on merger issues even where such errors have not been raised on appeal); Hulett v. State, 296 Ga. 49, 53 (766 SE2d 1) (2014). In this case, appellant was charged with malice murder (Count 1), felony murder based on aggravated assault with a handgun (Count 2), aggravated assault with a

7

deadly weapon (Count 3), felony murder based on conspiracy to commit the crime of purchasing marijuana (Count 4), conspiracy to commit the crime of purchasing marijuana (Count 5), felony murder based on criminal attempt to commit armed robbery (Count 6), criminal attempt to commit armed robbery (Count 7), felony murder based on possession of a firearm by a convicted felon (Count 8), possession of a firearm by a convicted felon (Count 9), and possession of a firearm during the commission of a felony (Count 10). Counts 4 and 5 were dead docketed by the State and a jury convicted appellant on the remaining counts. After correctly sentencing appellant on the malice murder conviction, see Malcolm v. State, 263 Ga. 369, 372 (4) (434 SE2d 479) (1993), the trial court failed to recognize that the felony murder counts thereafter were vacated. See Hulett, 296 Ga. at 54. Because the felony murder counts no longer existed, the trial court erred in merging Counts 3, 7, and 9 into their corresponding felony murder counts and then merging all the felony murder counts into the malice murder count. Id. Instead, the trial court was required to determine whether each of the underlying felonies merged, as a matter of fact, into the malice murder count. Id.

We find that appellant's conviction for aggravated assault with a deadly

8

weapon (Count 3) merges as a matter of fact into appellant's conviction for malice murder (Count 1) as there was no evidence presented which authorized the jury to find that the aggravated assault with a firearm committed on the victim was not followed almost immediately by the fatal shooting. See Brannon, 298 Ga. at 603 (2). See also Solomon v. State, 293 Ga. 605, 606 (1) (748 SE2d 865) (2013). On the other hand, malice murder requires proof of an element (death of the victim) that criminal attempt to commit armed robbery (Count 7) and possession of a firearm by a convicted felon (Count 9) do not, and as each of these crimes require proof of elements not included in malice murder, i.e., the taking of property, a previous felony conviction, and possession of a gun, we find appellant's convictions for criminal attempt to commit armed robbery (Count 7) and possession of a firearm by a convicted felon (Count 9) did not merge as a matter of fact with his murder conviction. The trial court, therefore, should have sentenced appellant for Counts 7 and 9, in addition to the sentences it imposed on Count 1 and Count 10. Accordingly, we vacate that portion of the sentencing order in which the trial court "merged" Count 3 into Count 2, Count 7 into Count 6, Count 9 into Count 8, and Counts 2, 6 and 8 into Count 1, and remand this case to the trial court for re-sentencing on Counts 7

9

and 9.

3. Appellant argues the State failed to prove venue beyond a reasonable doubt asserting that the murder which formed the basis for the charges against him took place in a moving car and claiming the State failed to provide sufficient evidence of the car's location at the time the victim was killed. Venue is a jurisdictional fact that must be proven beyond a reasonable doubt in every criminal trial. See Crawford v. State, 297 Ga. 680, 682 (777 SE2d 463) (2015). While the burden of proving venue rests with the State, "the determination whether venue has been established is an issue soundly within the province of the jury." Id. (quoting Rouse v. State, 296 Ga. 213, 215 (765 SE2d 879) (2014)).

At trial, the State provided evidence that the mini mart parking lot where the victim's body was dumped was in Fulton County. The evidence shows that the victim was shot in a car which immediately thereafter pulled into the mini mart parking lot and dumped his body. A woman who testified to witnessing the victim's body being "thrown out the car" stated that she heard the gun shots and saw the car pull up "real fast" into the parking lot. When asked how long it was from the time she heard the shots to the time she saw the car pull up and

dump the victim, the witness responded, "[I]t was close. It was real close."

To meet its burden of establishing venue, the State may use both direct and circumstantial evidence. See Lindsey v. State, 295 Ga. 343, 345 (760 SE2d 170) (2014). Viewed as a whole, we find the evidence in this case was sufficient to prove venue in Fulton County beyond a reasonable doubt.

4. Appellant contends the trial court erred in admitting evidence of appellant's guilty pleas to two prior armed robberies for the purpose of showing motive and intent.[4] Although the trial court's initial hearing on the State's intent to present other acts evidence in this case and its ruling thereon occurred prior to the effective date of Georgia's new Evidence Code, because the new Code went into effect prior to trial, the trial court revisited this issue following voir dire. Having previously ruled this evidence admissible to show course of conduct, intent, and motive, the trial court properly found course of conduct was no longer an appropriate ground, but concluded that the evidence, which showed appellant used a handgun in each of the prior incidents to rob a victim with

---

[4] Given the trial court's definitive ruling prior to trial that evidence of appellant's two prior guilty pleas would be admissible, appellant was not required to renew his objection or offer of proof in order to preserve this claim of error for appeal. See Anthony v. State, __ Ga. __, ___(785 SE2d 277, 283) (S16A0059, April 4, 2016). Accordingly, we reject the State's argument that this puported error should be reviewed by this Court only as plain error.

11

whom he was familiar, remained admissible for the proper purpose of showing motive and intent.[5]  See OCGA § 24-4-404 (b).

In deciding the admissibility of evidence of other crimes, wrongs, or acts committed by a defendant, this Court has determined that Rule 404 (b) of Georgia's new Evidence Code, "requires that the admitting court find (1) the evidence is relevant to an issue in the case other than the defendant's character, (2) the probative value is not substantially outweighed by undue prejudice, and (3) there is sufficient proof for a jury to find by a preponderance of the evidence that the defendant committed the prior act." Brannon, 298 Ga. at 606.  Here, the other acts evidence sought to be admitted involved crimes to which appellant had entered guilty pleas, thus the evidence that appellant committed the prior acts was sufficient.  Further, appellant's entry of a not guilty plea in the instant case put the State to its burden of proving every element of the crimes charged, including intent.  See Olds v. State, ___ Ga. ___ , ___ (___SE2d ___) 2016 WL 2946361 (S15G1610, May 23, 2016); Bradshaw v. State, 296 Ga. 650, 656-657

_____

[5] Although appellant was initially charged with armed robbery in the prior incidents, he entered a negotiated plea in each to aggravated assault.  The evidence as admitted establishes that in one case appellant robbed a victim he met through the victim's cousin under the pretext of selling the victim a car, and in the other case, appellant used a gun to rob two women - at least one of whom appellant knew - while they sat in a car.

(769 SE2d 892) (2015).  As appellant's participation in the earlier crimes required the same intent as the charged attempted robbery, the evidence of these other acts was relevant.  See Olds, ___ Ga. at ___,  2016 WL 2946361, * 6 (observing that "evidence of other acts that tends to make the requisite intent more or less probable to any extent is relevant").  See also  Hood v. State, ___ Ga. ___, ___ (___ SE2d ___) 2016 WL 2946398 (May 23, 2016).

Although relevant evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice, see OCGA § 24-4-403, a trial court's decision to exclude or admit other acts evidence will be overturned only where there is a clear abuse of discretion.  See Bradshaw, 296 Ga. at 656.  Given appellant's testimony at trial that it was the victim who pulled out the gun in an attempt to rob appellant and the driver of the car following the drug deal, and that the victim was shot as he tussled with the driver over possession of the gun, intent was a challenged element.  Under the circumstances presented, we conclude the trial court did not abuse its discretion in finding that the probative value of the evidence of appellant's prior crimes was not substantially outweighed by its prejudicial effect and in admitting the

evidence of appellant's two prior guilty pleas to show intent.[6]  See Bradshaw,

296 Ga. at 656-658;  Logan-Goodlaw v. State, 331 Ga. App. 671, 675 (770

SE2d 899) (2015) (where defendant denied participating in armed robbery but

admitted being present, probative value of evidence of a prior armed robbery

committed by the defendant was not substantially outweighed by its prejudicial

effect).

5.  Finally, appellant asserts the trial court erred in refusing to grant his

motion for new trial based on his claim that he received ineffective assistance

of counsel.  To prevail on a claim of ineffectiveness, appellant must show both

that counsel's performance was deficient and that the deficient performance was

prejudicial to his defense.  Strickland v. Washington, 466 U.S. 668 (104 SC

2052, 80 LE2d 674) (1984); Smith v. Francis, 253 Ga. 782, 783 (325 SE2d 362)

(1985).  Appellant contends his attorney performed deficiently by failing to

object at trial to the trial court's admission of the other acts evidence and by not

challenging the State's failure to prove venue.  He argues that, considered

together, these deficiencies greatly prejudiced his defense.  We find no merit to

---

[6] Because the evidence was admissible as to intent, we need not determine whether it was also admissible to show motive.  See Bradshaw, 286 Ga. at 657, n.5.

this claim.

As previously found by this Court in Division 4, supra, the trial court properly admitted the evidence of appellant's prior guilty pleas; thus, appellant cannot show a reasonable probability exists that, had trial counsel objected to the admission of this evidence when it was introduced by the State at trial, such objection would have been sustained or, given the abundant evidence in the record of appellant's guilt, would have changed the outcome of his trial. See Porter v. State, 292 Ga. 292, 294 (736 SE2d 409) (2013) (observing that the failure to make a meritless objection cannot constitute evidence of ineffective assistance).

Likewise, given the evidence presented at trial, appellant cannot show his trial counsel was ineffective for failing to challenge venue. See Division 3 supra. As a result, appellant cannot meet his burden under Strickland to demonstrate that his trial counsel performed deficiently and that such deficiencies prejudiced his defense. 466 U.S. at 686.

Judgment affirmed in part and vacated in part and case remanded for sentencing. All the Justices concur.

S16A0314. JONES v. THE STATE.


NAHMIAS, Justice, concurring.

I join the Court's opinion in full, including its holding in Division 3 that the jury could find proper venue for the murder in Fulton County based on the testimony that the fatal shooting occurred in a moving car that was close to – but not already in – the parking lot in Fulton County where the victim's body was dumped. The Court does not explain how it reconciles that conclusion with Jones v. State, 272 Ga. 900 (537 SE2d 80) (2000) – the case on which appellant relies – in which the majority opinion held that venue was not established by evidence that the murder occurred directly across the street from a house in Fulton County because "[i]t is entirely possible that the . . . house is located in one county, while the houses located across the street are sited in an adjoining county." Id. at 903-904. I do not mind ignoring Jones, because as I have explained elsewhere, its holding does not accord with common sense, particularly given the geographic realities of our state. See O'Donnell v. Smith, 294 Ga. 307, 313-314 (751 SE2d 324) (2013) (Nahmias, J., concurring). See also Probst v. State, Case No. S16A0275 (decided July 5, 2016) (Nahmias, J.,

concurring).  But rather than continuing to disregard or work around <u>Jones</u>'s illogical holding, the Court should simply go ahead and formally disapprove it.