## S16A0937. McMULLEN v. THE STATE.
(794 SE2d 118)

HINES, Presiding Justice.

Appellant Hannibal Wayne McMullen was convicted of malice murder, aggravated stalking, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon, in connection with the shooting death of Ketrita Jones.[1] He appeals, asserting, inter alia, the evidence was insufficient to prove venue. Finding no error, we affirm.

Construed to support the verdicts, the evidence showed that the appellant and the victim were romantically involved in a long-term, stormy, on-and-off relationship. In December 2011, fearing that the appellant would harm her, the victim sought and obtained a protective order. Six weeks later, the victim brought lunch to Eric Hardeman, a close friend, at Hardeman's place of employment, a barber shop, on Washington Street in Covington, Georgia. Hardeman approached the victim's pickup truck while she remained in it. Appellant drove up and pulled into an adjacent parking space. Knowing the state of affairs between the appellant and the victim, Hardeman told her that it would be best if she left. The appellant and the victim argued briefly.[2] Annoyed, the victim drove out of the parking lot, and headed down Washington Street toward Covington Square. The appellant followed her in his vehicle.

Hardeman called the victim as soon as she drove off. They spoke for a few minutes, until, it seemed to him, the victim's phone must have fallen from her hand. Hardeman tried calling back, but to no avail.

Unbeknownst to Hardeman, the appellant had driven alongside the victim as she continued driving down Washington Street, and fired a bullet through a side window of the victim's truck. The bullet

---

[1] Appellant murdered the victim on February 10, 2012. Appellant was indicted by a Newton County grand jury on May 21, 2012, and charged with malice murder, felony murder, aggravated assault, aggravated stalking, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Following a jury trial, which commenced on October 21, 2013 and ended on October 23, 2013, the jury found appellant guilty on all counts. The trial court sentenced appellant on October 28, 2013, to life without parole for malice murder, and consecutive sentences of ten years for aggravated stalking, five years for possession of a firearm during the commission of a felony, and ten years for possession of a firearm by a convicted felon. The remaining charges were merged or vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). Appellant's timely filed motion for new trial was denied on July 28, 2015. Appellant filed his notice of appeal on August 3, 2015. The appeal was docketed in this Court for the April 2016 term, and submitted for decision on the briefs.

[2] The appellant complained that he was "tired of [the victim] playing with me."

struck the victim in the head. The victim's vehicle crossed several lanes of traffic before coming to rest against a pole of a Washington Street service station.

The medical examiner testified that the victim would have died within seconds or minutes of being shot. A witness who saw the crash alerted a Newton County deputy sheriff who was on duty directing traffic at a Washington Street intersection approximately one block from the crash site. Other Newton County deputies and Covington police officers arrived at the scene of the crash. Glass from the victim's driver's side window was found on Washington Street approximately 1,000 to 1,500 feet away. A Covington police evidence technician followed the glass to the victim's truck.

Appellant spoke with his aunt after the shooting and admitted that he "hurt" the victim and "shot her." He also told his ex-wife that he "shot that girl." Later in the day, as he watched television with a girlfriend and news of the murder appeared on the screen, the appellant fell to the floor and cried, saying he "messed up."

At trial, the appellant admitting shooting the victim. He explained that as he drove up to the victim's truck, he decided to remove the clip from his handgun, and that, as he attempted to do so, the handgun discharged accidentally.

1. Appellant asserts that the evidence is insufficient to enable a rational jury to find him guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). Specifically, the appellant asserts that the evidence demonstrating that he shot and killed the victim consists only of his uncorroborated confessions to his aunt and his ex-wife. See OCGA § 24-8-823 ("A confession alone, uncorroborated by any other evidence, shall not justify a conviction."). We cannot accept this assertion for at least two reasons. First, the appellant did not make confessions; he made admissions. See *Walsh v. State*, 269 Ga. 427, 429-430 (499 SE2d 332) (1998) ("An admission differs from a confession in that a confession acknowledges all of the essential elements of the crime."). Second, even if appellant's statements to his aunt and his ex-wife were confessions, the corroborating evidence was ample. The victim obtained a protective order because she feared the appellant; he told the victim that if he could not have her no one could; he argued with the victim only minutes before he shot her; and he followed her as she left Hardeman's place of employment and continued to do so as she drove down Washington Street.

Contrary to the appellant's contention, it was not incumbent upon the State that it introduce independent evidence showing appellant used his handgun to shoot the victim. A confession must be

corroborated, but no specific manner of corroboration is required, and corroboration in any particular is sufficient. See *Sands v. State*, 262 Ga. 367, 367 (1) (418 SE2d 55) (1992).

2. Appellant also asserts that the State failed to prove venue in Newton County. In this regard, he argues that there was no evidence showing that "the cause of death was inflicted" in Newton County. See OCGA § 17-2-2 (c). We disagree.

Venue must be proven beyond a reasonable doubt in every criminal case. See *Crawford v. State*, 297 Ga. 680, 682 (777 SE2d 463) (2015). The State may use both direct and circumstantial evidence to satisfy its burden; whether the State met its burden is a matter resting soundly within the purview of the jury. See id.

The State demonstrated that (1) appellant encountered the victim at the Washington Street barber shop in Newton County; (2) after she was shot, the victim's vehicle came to rest at a Washington Street service station in Newton County; (3) the cause of death was inflicted on Washington Street within a few hundred yards of the Washington Street service station; and (4) the victim was shot on Washington Street only minutes after she left the Washington Street barber shop and only moments before her vehicle crashed and came to rest at the service station.

In *Jones v. State*, 299 Ga. 377, 381 (3) (788 SE2d 477) (2016), a body was thrown from a car in a mini-mart parking lot in Fulton County. A witness who saw the body being thrown heard shots "close" to the time she saw the car pull up. The defendant asserted the evidence was insufficient to prove venue because the State failed to show the car's location when the victim was fatally shot. We disagreed, finding the evidence sufficient to prove venue beyond a reasonable doubt. In light of our decision in *Jones*, we find that, here too, the evidence as a whole is sufficient to prove venue beyond a reasonable doubt.

3. It cannot be said trial counsel was ineffective for failing to challenge the State's proof of venue because, as noted above, venue was sufficiently shown for the jury to find it was proved beyond a reasonable doubt. See *Hayes v. State*, 262 Ga. 881, 884-885 (426 SE2d 886) (1993) (the failure to raise a meritless objection cannot constitute ineffective assistance of counsel).

4. Contrary to the appellant's contention, the State proved that the appellant committed the crime of aggravated stalking beyond a reasonable doubt by demonstrating that, after the issuance of a protective order, he approached the victim in a parking lot and spoke angrily toward her; that the victim became annoyed and drove off; and that the appellant followed her as she drove down the road,

pulled alongside her vehicle, and shot her in the head. See *Oliver v. State*, 325 Ga. App. 649 (753 SE2d 468) (2014); OCGA § 16-5-91.
    *Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 21, 2016.

*Stanley W. Schoolcraft III*, for appellant.
    *Layla H. Zon, District Attorney, Melanie M. Bell, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason M. Rea, Assistant Attorney General*, for appellee.